UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE SILVA,

                  Plaintiff,

    -against-

THE CITY OF NEW YORK and DETECTIVE
RODRIGO J. CABALLERO, SHIELD NO.
2002, and POLICE OFFICERS "JOHN DOES
NOS. 1-3", WHOSE NAMES AND BADGE
NUMBERS ARE PRESENTLY UNKNOWN,

                  Defendants.
------------------------------------------------------------X

**CV 03 5805**

**KORMAN, CH. J.**

**COMPLAINT**

**POLLAK, M.J.**

PLAINTIFF DEMANDS
TRIAL BY JURY

## INTRODUCTORY STATEMENT

1. The plaintiff, JOSE SILVA, brings this action under 42 U.S.C. Sec. 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. Sec. 1988 for the defendants' violation of his rights afforded by the United States Constitution and under the laws of the State of New York.

2. Defendants, New York City Police Detective RODRIGO J. CABALLERO ("CABALLERO"), and Police Officers "John Does Nos. 1-3" ("DOES") arrested the plaintiff JOSE SILVA without just and probable cause which caused him to be incarcerated for approximately 13-1/2 hours. In addition, the motor vehicle driven by the plaintiff JOSE SILVA was confiscated by the New York City Police Department and illegally held until a Release for same was issued to the Property Clerk's Office on or about May 22, 2003.

## JURISDICTION

3. The court has jurisdiction over plaintiff's claim under 42 U.S.C. 1983 pursuant to 28 U.S.C. Sec.1331 and Sec 1343(3).

4. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1331 and Sec. 1343(3).

5. That prior to the commencement of this action, and within ninety (90) days of the occurrence herein, plaintiff served a notice of claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6. That more than thirty (30) days passed between the service of plaintiff's notice of claim and the commencement of this action, and during such period of more than thirty (30) days the defendant, City of New York neglected and refused to pay said claim or adjust same.

7. This action was commenced within one year and ninety days of the occurrence complained of herein that gave rise to plaintiff's injuries, and plaintiff has complied with all of the prerequisites for bringing this action.

## PARTIES

8. The plaintiff is a legal resident of the United States and a resident of the State of New York.

9. Defendants CABALLERO and "DOES", sued herein in both their official and individual capacities, are currently and were, at all times hereafter mentioned, employed by

2

the City of New York as New York City Police Officers. At all times relevant to this action, defendants CABALLERO and "DOES", upon information and belief, were stationed out of the 90th Precinct (Brooklyn North Narcotics Division), of the New York City Police Department.

10. At all times relevant to this action, defendants CABALLERO and "DOES" were assigned to work, and in fact did work, as police officers at the 90th Precinct in the County of Kings, City and State of New York.

11. Defendant, the City of New York, is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such is responsible for the practices, policies, and customs of the New York City Police Department, as well as the hiring screening, training, supervising, controlling and disciplining of those persons employed by the New York City Police Department.

12. That this action falls within one or more of the exceptions set forth in CPLR 1602.

## FACTUAL ALLEGATIONS

13. On or about January 7, 2003, at approximately 12:30 P.M., plaintiff sitting in a motor vehicle at South 9th Street and Roebling Street, in the County of Kings, City and State of New York.

14. The vehicle in question was owned by plaintiff's sister, Nancy Perez, but plaintiff had permission to use and enjoy said vehicle.

15. At the above time and place, defendants CABALLERO and "DOES" arrested plaintiff and placed him in a van where he remained until he was transported and then confined to a holding cell at the 90th Precinct in the County of Kings, City and State of New York.

16. Plaintiff was subsequently transported and further confined to a holding cell at 120 Schermerhorn Street, Brooklyn, New York until his release from custody on January 8, 2003 at approximately 2:00 a.m. when all prospective charges against the plaintiff were dismissed and his arrest voided.

17. Plaintiff's vehicle, a 1996 Infiniti, was illegally confiscated by the New York City Police Department and illegally held until on or about May 22, 2003 when a Release for same was issued to the Property Clerk's Office..

18. Plaintiff did not commit any crimes and was not observed committing any crimes by the defendants. The defendants' actions were willful, outrageous and not predicated on probable cause.

## AS AND FOR A FIRST CAUSE OF ACTION

19. As a direct and proximate result of defendants' actions from January 7, 2003 to January 8, 2003, plaintiff was falsely arrested and detained without just and probable cause and without a warrant.

20. The false arrest of this plaintiff was without any legitimate cause or justification, was intentional, malicious, reckless and in bad faith.

4

21. As a direct and proximate result of defendants' actions, this plaintiff was deprived of rights, privileges and immunities secured to him under the Constitution and the laws of the United States including, but not limited to his rights under the Fourth and Fourteenth Amendments and 42 U.S.C. Sec. 1983 to be secure in his person, to be free from false arrest and imprisonment without due process, and to equal protection of the laws.

22. Defendants' actions caused this plaintiff to be deprived of his liberty, suffered great pain and suffering and was subjected to lost use of his vehicle, ridicule, scorn and humiliation by those observing and/or knowing of his detention.

23. As a result of the foregoing, this plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff repeats and realleges paragraphs 1-22 as if fully set forth herein.

25. That the aforesaid false arrest occurred during, in furtherance of, and within the scope of the employment of the individual defendants by the City of New York, to wit, the employment of the aforesaid individual defendants by the defendant, City of New York as police officers.

26. That as a result of the aforesaid agency relationship, and the aforesaid individual defendants' acts while within the employ of the defendant, City of New York; the defendant, City of New York is vicariously liable for the aforesaid intentional tortious conduct of the individual defendants, in that the City of New York encouraged and/or

5

otherwise fostered and/or allowed the false arrest upon the plaintiff by giving the individual defendants the means and opportunity to perform such false arrest and/or allowing, creating and/or allowing, creating and/or suffering an official policy or custom which made such false arrest possible.

27. Defendants' actions caused plaintiff to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

28. As a result of the foregoing, plaintiff seeks compensatory damages from all defendants as well as punitive damages from all the individual defendant.

## AS AND FOR A THIRD CAUSE OF ACTION

29 Plaintiff repeats and realleges paragraphs 1-27, as if fully set forth herein.

30. Defendant, the City of New York, was careless and reckless in hiring, retaining and training its employees; in that the defendant's employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendant failed to exercise due care and caution in its hiring practices and was negligent in investigating the charges against the plaintiff.

31. Defendant, the City of New York, its agents, servants and employees, negligently, carelessly and recklessly failed to properly train and supervise its employees, in that it failed to train its employees to act as reasonably, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives

of their employers; and were otherwise reckless, careless and negligent.

32. Defendant's actions caused plaintiff to be deprived of his liberty, suffered great pain and suffering and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his detention.

33. As a result of the foregoing, this plaintiff seeks compensatory damages from the City of New York in the amount of five hundred thousand ($500,000.00) dollars.

## JURY DEMAND

34. Plaintiff respectfully demands that this proceeding be tried by a jury.

**WHEREFORE**, plaintiff prays for the following relief:

1) For a declaratory judgment under 28 U.S.C. Sec. 22201 declaring that the defendants, separately and in concert, violated the plaintiffs' constitutional rights; and

2) For compensatory damages against all defendants; and

3) For punitive damages against defendant RODRIGO J CABALLERO; and

4) For attorney's fees and costs pursuant to 42 U.S.C. Sec. 1988; and

5) For other relief as is just and proper.

Dated: Brooklyn, New York
October 31, 2003

EDWARD FRIEDMAN, ESQ.
EF-4000
Attorney for Plaintiff
26 Court Street, Suite 1903
Brooklyn, New York 11242
(718) 852-8849