UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

JOSE SILVA,

                                  Plaintiff,

               -against-

THE CITY OF NEW YORK, and DETECTIVE
RODRIGO J. CABALLERO, SHIELD NO. 2002, and
POLICE OFFICERS "JOHN DOES NOS. 1-3",
WHOSE NAMES AND BADGE NUMBERS ARE
PRESENTLY UNKNOWN,

                                  Defendants.

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

03-CV-5805 (ERK) (CLP)

-------------------------------------------------------------------x

        **WHEREAS,** plaintiff commenced this action by filing a complaint on or about November 18, 2003, alleging a violation of his civil rights pursuant to 42 U.S.C. §1983 and pendent state law claims; and

        **WHEREAS,** defendants City of New York and Rodrigo Caballero have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

        2.    The City of New York hereby agrees to pay the plaintiff the sum of SEVENTEEN THOUSAND FIVE HUNDRED ($17,500.00) DOLLARS in full satisfaction of

all claims, including claims for costs, expenses and attorney fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against defendants City of New York and Rodrigo Caballero, and to release all defendants, and any and all present and former employees and agents of the City of New York from any and all liability, claims, or rights of action arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

3. Plaintiff shall execute and deliver to the City attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of No Liens.

4. Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

6.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
August 3, 2004

_____
Edward Friedman, Esq. (EF 4000)
Attorney for Plaintiff
26 Court Street - Suite 1903
Brooklyn, New York 11242
(718) 852-8849

_____
JED M. WEISS (JW-5293)
Assistant Corporation Counsel
MICHAEL A. CARDOZO
Corporation Counsel of
the City of New York
Attorney for Defendants City of New York and
Rodrigo Caballero
100 Church Street
New York, NY 10007
(212) 788-0786

SO ORDERED: